No. 06-4258

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

MAY 17 2007

LEONARD GREEN, Clerk

JOSE DOMINGUEZ, )
 )
   Petitioner-Appellant, )
 )
v. ) O R D E R
 )
HAROLD E. CARTER, Warden, )
 )
   Respondent-Appellee. )
 )

A TRUE COPY
Attest:
LEONARD GREEN, Clerk
By_____
Deputy Clerk

1:00 CV 938

Jose Dominguez, through counsel, appeals a district court's order denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dominguez's filing of a notice of appeal has been construed as an application for a certificate of appealability. *See* Fed. R. App. P. 22(b). Dominguez also moves to proceed in forma pauperis.

A jury convicted Dominguez of aggravated trafficking in cocaine, in violation of Ohio Rev. Code Ann. § 2925.03(A)(10). Dominguez was sentenced to twenty years to life imprisonment. Dominguez appealed, and the Ohio Court of Appeals affirmed his conviction. *State v. Dominguez*, No. C-980148, 1999 WL 34605 (Ohio Ct. App. Jan. 29, 1999) (unpublished). Dominguez did not appeal the Ohio Court of Appeals' decision to the Ohio Supreme Court.

Thereafter, Dominguez filed a writ of mandamus in the Ohio Supreme Court. The Ohio Supreme Court *sua sponte* dismissed his mandamus petition. *State ex rel. Dominguez v. McEvilley*, 713 N.E.2d 1047 (Ohio 1999).

Dominguez then applied to reopen his appeal in the Ohio Court of Appeals under Rule 26(B) of the Ohio Rules of Appellate Procedure. The Court of Appeals denied the application because Dominguez failed to show good cause for filing his application beyond the ninety-day time limit for filing applications to reopen. The Ohio Supreme Court denied Dominguez's application for leave to appeal the Ohio Court of Appeals' decision.

Dominguez then filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2254. Dominguez raised nine grounds for relief: (1) appellate counsel was ineffective for failing to inform him of remedies on direct appeal and failing to provide him with legal materials to continue his appeal; (2) appellate counsel was ineffective for failing to identify and raise meritorious issues in his direct appeal; (3) the State of Ohio deprived him of an adequate and effective state process to obtain legal materials necessary to continue his appeal; (4) appellate counsel was ineffective for failing to challenge the admission of hearsay statements by a non-testifying co-conspirator under the Confrontation Clause; (5) the prosecution committed misconduct by prejudicially referring to his nationality and appellate counsel was ineffective for failing to challenge this on appeal; (6) appellate counsel was ineffective for failing to object to a prosecution witness's vouching for another witness's testimony; (7) appellate counsel was ineffective for failing to challenge trial counsel's failure to move for a mistrial after a prosecution witness received compensation to testify; (8) appellate counsel was ineffective for failing to raise several instances of ineffective assistance of trial counsel; and (9) cumulative error rendered his trial and appeal fundamentally unfair. The State of Ohio opposed Dominguez's habeas petition as procedurally defaulted or, alternatively, without merit, and Dominguez replied to the State's response.

A magistrate judge recommended denying the grounds raised in Dominguez's habeas petition as procedurally defaulted or, alternatively, without merit. Over Dominguez's objections, the district court accepted the magistrate judge's recommendation, denied Dominguez's habeas petition, and denied him a certificate of appealability. Dominguez appealed.

To obtain a certificate of appealability, an applicant must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner

must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Additionally, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dominguez failed to object to the magistrate judge's report and recommendation addressing his second, third, fourth, seventh, eighth, and ninth grounds for relief. Failure to lodge objections to the magistrate judge's report and recommendation waives further appellate review of these grounds. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Upon consideration, the court concludes that jurists of reason would not disagree with the district court's resolution of his remaining grounds for relief.

For the foregoing reasons, Dominguez's application for a certificate of appealability is denied and his motion to proceed in forma pauperis is denied as moot.

ENTERED BY ORDER OF THE COURT

*Leonard Green*
Clerk